# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                                 **Case No.  6:02-cv-1440-Orl-28KRS**

**CHARLES DEWEY TOBIAS, JR., et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On February 16, 2005, the presiding district judge in this matter, the Honorable John Antoon II, entered a Summary Final Judgment of Foreclosure as to certain real property belonging to Charles Dewey Tobias, Jr. and Kay M. Tobias. Doc. No. 87. In sum, the Court found that the United States had a valid federal tax lien on the property arising out of the Tobiases' assessed and unpaid federal income tax liabilities for the taxable year 1990. *Id*. at 2. The Court also found that a mortgage held by Wells Fargo constituted a valid lien on the property. *Id*.

On October 17, 2005, the Court entered an Order approving and confirming the sale of the property. Doc. No. 103. Thereafter, the United States and Wells Fargo filed a joint motion requesting disbursement of the funds from the sale. Doc. No. 104. The Court granted the motion and directed the Clerk "to disburse the sum of $272,279.35 as of November 14, 2005, plus $21.61 for every day thereafter, to Wells Fargo" and "$165,510.08 as of November 18, 2005, plus accrued statutory interest to the date that the judgment is paid to the Internal Revenue service." Doc. No. 107 at 1-2. As of

January 13, 2006, approximately $17,133.22, remained in the Court's registry after the required disbursements.[1]  Judge Antoon referred to me the question of how the remaining funds should be disbursed.  *Id*. at 2.

On January 20, 2006, I entered an Order requiring "any interested party that seeks to be heard on the disposition of the remaining funds in the Court's registry . . . [to] file and serve a memorandum of law with citation to authority in support of the relief requested on or before February 1, 2006."  Doc. No. 108.  Thereafter, the United States timely filed a memorandum of law (doc. no. 111) requesting the Court to direct the Clerk to disburse the remaining funds in the Court's registry to the Internal Revenue Service (IRS) pursuant to a Notice of Levy served on the Court in July 2005.  Doc. No. 94.[2]  Neither Charles Dewey Tobias, Jr. nor Kay M. Tobias responded to my Order.

"The IRS can levy against a delinquent taxpayer's property or rights to property in the custody of a third party to satisfy a deficiency assessed against the taxpayer."  *United States v. Metro. Life Ins.*, 874 F.2d 1497, 1498-99 (11th Cir. 1989) (citing 26 U.S.C. § 6331(a)).  This power extends to funds held in a court's registry.  *See Fed. Home Life Ins. Co. v. Ross*, No. C82-1516A, 1984 WL 178446, at *1 (N.D. Ga. Feb. 3, 1984); WILLIAM D. ELLIOT, FEDERAL TAX COLLECTIONS, LIENS & LEVIES § 13.07[14] (2006); *cf. United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 736 (5th Cir. 1980) ("[T]here is nothing in the general levy authorization statute, [26 U.S.C. § 6331], excepting from its reach property which is in the hands of an agency of the United States.  The authorization to

---

[1] The funds are being maintained in an interest bearing account.

[2] The levy, which is addressed to the United States District Court, Middle District of Florida, Orlando Division, is for $92,057.39 in unpaid federal income taxes, including interest and penalties, that Charles Dewey Tobias, Jr. owes for the taxable years 1991 and 1992.  Doc. No. 94.

collect unpaid taxes by levy applies to all property and rights to property (except . . . property . . . exempt under [26 U.S.C. § 6334]) . . . .") (internal quotation marks and citations omitted).  "Once the third party receives notice of the tax levy, it is obligated to surrender the property to the IRS."  *Metro. Life Ins.*, 874 F.2d at 1499 (citing 26 U.S.C. § 6332(a)).

In sum, the IRS served a Notice of Levy on the Court and there is nothing in the Internal Revenue Code that prohibits the Court from complying with the levy.  *See* 26 U.S.C. § 6334.

Accordingly, I respectfully recommend that the Court direct the Clerk to surrender the remaining funds in its registry to the United States.[3]

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Charles Dewey Tobias, Jr.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 9, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties

---

[3] The United States requests that the funds be surrendered to the "'United States Treasury,' c/o Ken E. Colt, Internal Revenue Service, Revenue Officer, 850 Trafalgar Court, Suite 200, Maitland, FL 32751, stating on the disbursement check that the funds are in reference to the 1991 and 1992 Form 1040 taxes of Charles Dewey Tobias, Jr."  Doc. No. 111 at 10.